# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| **CHUBB CUSTOM INSURANCE COMPANY;** | ( <br> ( <br> ( |
| Plaintiff, | ( <br> ( |
| vs. | (     **CIVIL ACTION NO. 1:15-CV-10-SA-DAS** <br> ( |
| **JASPER WOOD PRODUCTS, LLC; HUMMINGBIRD DEVELOPMENT, INC.; WINSTON PLYWOOD AND VENEER LLC; DUNOLLIE RESOURCES, INC.; NATRON WOOD PRODUCTS, LLC; SNOW MOUNTAIN RESOURCES, LLC;** | ( <br> ( <br> ( <br> ( <br> ( <br> ( <br> ( |
| Defendants. | ( <br> ( |

## ORDER ON MOTION

This matter is before the Court on motion by Chubb Custom Insurance Company, for the entry of a Final Judgment Order in Interpleader. Being advised that all parties agree to the relief being provided as evidenced by the signatures of the authorized representatives of each party below, and based on the matters in the record, **THE COURT FINDS AS FOLLOWS**:

1. On January 9, 2015, Chubb Custom Insurance Company ("Chubb") filed its Complaint for Interpleader under the Federal Interpleader Act, 28 U.S.C. § 1335 and Federal Rule Civil Procedure 22, to resolve competing claims to the proceeds payable under a Property Insurance Policy, No. 7995-75-61 (hereinafter the "Policy") issued to Jasper Wood Products, LLC.

2. The competing claims to the proceeds under the Policy are the subject of an action commenced on June 18, 2004 in the Supreme Court of the State of New York, County of New York (the "New York State Court") entitled *Winston Plywood and Veneer LLC v. Dunollie Resources, Inc.*, Index No. 651851/2014 (the "New York Action").

3. This Court has jurisdiction over the subject matter of this cause and over the parties, and all parties consent to this final judgment.

4. On February 3, 2015, with leave of court, Chubb deposited its limits of liability under the Policy in the amount of Five Million Dollars ($5,000,000) (hereinafter, the "Insurance Proceeds") into the Registry of this Court, which is subject to claims by all Defendants.

5. Chubb's deposit of the Insurance Proceeds was made in good faith and discharged its liability under the Policy.

6. Defendants are adverse claimants to the Insurance Proceeds.

7. Chubb Custom Insurance Company has fulfilled the requirements of 28 U.S.C. § 1335. There are two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of 28 U.S.C. § 1332, that are claiming or may claim to be entitled to the Insurance Proceeds at issue in this matter. Chubb has deposited the Insurance Proceeds into the registry of the court, and the amount of the Insurance Proceeds exceeds $500.

8. Chubb, as stakeholder in Interpleader, has done all that is required by law to perfect this Interpleader Action.

9. Chubb is entitled to be discharged from this litigation in accordance with the terms hereinafter provided in this Order.

10. The Defendants desire and have jointly agreed to transfer the Insurance Proceeds to the New York State Court and submit to that Court's determination regarding the Insurance Proceeds in connection with the New York Action and dismiss this action with prejudice.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Judgment shall be entered in favor of Chubb and against all Defendants after the deposited funds have been finally transferred to the New York State Court;
2. Chubb, its parents, subsidiaries, successors, assigns, representatives, agents, attorneys, and all of its affiliated companies, including officers, directors and employees are hereby released and discharged from all further liability relating to the Policy and/or the Insurance Proceeds;
3. All defendants, or any person or entity claiming through them, are permanently and perpetually restrained and enjoined from instituting or prosecuting any proceeding in any State or United States court affecting the Insurance Proceeds from the Policy or any additional amounts payable under the Policy against Chubb, its parents, subsidiaries, successors, assigns, representatives, agents, attorneys, and all of its affiliated companies, including officers, directors and employees.
4. Chubb is excused from further attendance upon this cause and dismissed with prejudice from this cause with an express finding that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delaying either the enforcement or appeal of this Order or both;
5. The remaining parties, Jasper Wood Products, LLC, Hummingbird Development, Inc., Winston Plywood and Veneer LLC, Dunollie Resources, Inc., Natron Wood Products,

LLC and Snow Mountain Resources, LLC, request and it is hereby ordered that the Insurance Proceeds be transferred to and deposited with the New York State Court, the disposition of which shall be determined by the outcome of the New York Action (Index No. 651851/2014) and;

a. The clerk of the U.S. District Court of the Northern District of Mississippi is directed to instruct Cadence Bank of Aberdeen, Mississippi to issue a certified check in the amount of Five Million Dollars ($5,000,000) from the registry account made payable to "New York County Clerk", Reference: Index No. 651851/2014; and

b. The clerk is further directed to send the certified check to the following address along with a copy of this order:

County Clerk of New York County
New York County Courthouse
60 Centre Street, Room 161
New York, New York 10007

SO ORDERED this the 24th day of February, 2015.

                                                       /s/ Sharion Aycock
                                                     **U.S. DISTRICT JUDGE**