IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| CHUBB CUSTOM INSURANCE COMPANY | PLAINTIFF |
| V. | NO.: 1:15cv10-SA-DAS |
| JASPER WOOD PRODUCTS, LLC; DUNOLLIE RESOURCES, INC.; NATRON WOOD PRODUCTS, LLC; SNOW MOUNTAIN RESOURCES; WINSTON PLYWOOD AND VENEER, LLC; HUMMINGBIRD DEVELOPMENT, INC. | DEFENDANTS |
| V. | |
| KINSALE INSURANCE COMPANY | INTERVENOR |

**CONSENT FINAL JUDGMENT**

This matter is before the Court on motion by Kinsale Insurance Company, for the entry of a Final Judgment Order in Interpleader. Being advised that all parties agree to the relief being provided as evidenced by the signatures of the authorized representatives of each party below, and based on the matters in the record, **THE COURT FINDS AS FOLLOWS**:

1. On February 25, 2015, Kinsale Insurance Company ("Kinsale") filed its Complaint in Intervention for Interpleader under the Federal Interpleader Act, 28 U.S.C. § 1335 and Fed. R. Civ. P. Rule 22, to resolve competing claims to the proceeds payable under a surplus lines excess policy, No. 0100018307-0 (hereinafter the "Policy") issued to Jasper Wood Products, LLC; Dunollie Resources, Inc.; Natron Wood Products, LLC; and Snow Mountain Resources.

2. The competing claims to the proceeds under the Policy are the subject of an action commenced on June 18, 2004 in the Supreme Court of the State of New York, County of New

York (the "New York State Court") entitled *Winston Plywood and Veneer LLC v. Dunollie Resources, Inc.*, Index No. 651851/2014 (the "New York Action").

3. This Court has jurisdiction over the subject matter of this cause and over the parties, and all parties consent to this final judgment.

4. On or about March 5, 2015, with leave of court, Kinsale deposited its limits of liability under the Policy in the amount of Five Million Dollars ($5,000,000.00) (hereinafter, the "Insurance Proceeds") into the Registry of this Court, which is subject to claims by all Defendants.

5. Kinsale's deposit of the Insurance Proceeds was made in good faith and discharged its liability under the Policy.

6. Defendants are adverse claimants to the Insurance Proceeds.

7. Kinsale Insurance Company has fulfilled the requirements of 28 U.S.C. § 1335. There are two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of 28 U.S.C. § 1332, that are claiming or may claim to be entitled to the Insurance Proceeds at issue in this matter. Kinsale has deposited the Insurance Proceeds into the registry of the court, and the amount of the Insurance Proceeds exceeds $500.

8. Kinsale, as stakeholder in Interpleader, has done all that is required by law to perfect this Interpleader Action.

9. Kinsale is entitled to be discharged from this litigation in accordance with the terms hereinafter provided in this Order.

10. The Defendants desire and have jointly agreed to transfer the Insurance Proceeds to the New York State Court and submit to that Court's determination regarding the Insurance Proceeds in connection with the New York Action and dismiss this action with prejudice.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Judgment is entered in favor of Kinsale and against all Defendants;

2. Kinsale, its parents, subsidiaries, successors, assigns, reinsurers, representatives, agents, attorneys, and all of its affiliated companies, including officers, directors and employees are hereby released and discharged from all further liability relating to the Policy and/or the Insurance Proceeds;

3. All defendants, or any person or entity claiming through them, are permanently and perpetually restrained and enjoined from instituting or prosecuting any proceeding in any State or United States court affecting the Insurance Proceeds from the Policy or any additional amounts payable under the Policy against Kinsale, its parents, subsidiaries, successors, assigns, reinsurers, representatives, agents, attorneys, and all of its affiliated companies, including officers, directors and employees.

4. Kinsale is excused from further attendance upon this cause and dismissed with prejudice from this cause with an express finding that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delaying either the enforcement or appeal of this Order or both;

5. The remaining parties, Jasper Wood Products, LLC, Hummingbird Development, Inc., Winston Plywood and Veneer LLC, Dunollie Resources, Inc., Natron Wood Products, LLC and Snow Mountain Resources, LLC, request and it is hereby ordered that the Insurance Proceeds be transferred to and deposited with the New York State Court, the disposition of which shall be determined by the outcome of the New York Action (Index No. 651851/2014); and

a. The clerk of the U.S. District Court of the Northern District of Mississippi is directed to instruct Cadence Bank of Aberdeen, Mississippi to issue a certified check in the amount of Five Million Dollars ($5,000,000.00) from the registry account made payable to "New York County Clerk", Reference: Index No. 651851/2014; and

b. The clerk is further directed to send the certified check to the following address along with a copy of this order:

County Clerk of New York County
New York County Courthouse
60 Centre Street, Room 161
New York, New York 10007

6. All claims in this matter are resolved. Therefore, the case is dismissed with prejudice with each party to bear its own costs.

SO ORDERED this the 16th day of April, 2015.

*/s/ Sharion Aycock*
**U.S. DISTRICT JUDGE**